AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| United States of America<br>v.<br><u>Arianna Braelyn Blankenship,</u><br>*Defendant(s)* | Case No. 24−mj−00098-JPO |

## CRIMINAL COMPLAINT

I, the undersigned complainant in this case, state that the following is true to the best of my knowledge and belief:

On April 9, 2024, in the State and District of Colorado, the defendant, Arianna Braelyn Blankenship, and another known defendant, did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

I further state that I am a Task Force Officer with The Drug Enforcement Administration, and that this complaint is based on the following facts: see Affidavit attached hereto and herein incorporated by reference.

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) | Distribution and Possession with Intent to Distribute 50 grams or more of Methamphetamine |

This criminal complaint is based on these facts:

*See Affidavit attached hereto and herein incorporated by reference.*

**X** Continued on attached sheet

*s/Robert Foster*
*Complainant's signature*

Robert Foster, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and: ☐ submitted, attested to, and acknowledged by reliable electronic means.

Date: <u>May 20, 2024</u>

*s/ James P. O'Hara*
*Judge's signature*

City and state: <u> Denver, Colorado</u>     Hon. James P. O'Hara, U.S. Magistrate Judge
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

1. I, Robert Foster, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) and Detective with Denver Police Department (DPD), being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge and belief:

## INTRODUCTION AND AGENT BACKROUND

2. I am a federally deputized TFO with the DEA and have been since January 2023. As such I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, 2516. I am also a "peace officer" with the state of Colorado and have held such certification since December 2009. I am currently employed by the DPD as a detective. I am currently assigned to the High Intensity Drug Trafficking Area (HIDTA) Front Range Task Force (FRTF).

3. My previous investigative assignments with DPD include the District Six Narcotics Unit, the District Two Narcotics Unit, the Vice Unit, and the Marijuana Unit. My previous uniformed assignments with DPD include the District Two Narcotics Unit, the District Two Impact and Flex Teams, and District Two patrol. Prior to my employment at DPD, I was employed by the Castle Rock Police Department as a patrol officer and field training officer.

4. I have specialized training and experience investigating the unlawful distribution of controlled substances including, but not limited to, electronic and visual surveillance, the use of confidential informants, electronic location data, cell site analysis, forensic cell phone data, Title III wiretap intercepts, debriefing suspects, and undercover operations. I have personally witnessed or participated—in an undercover capacity - in more than one thousand unlawful drug transactions. I have authored numerous state and federal search warrants in furtherance of criminal investigations related to the unlawful distribution of controlled substances. Through my training and experience I have developed an intimate knowledge of the methods of operation, nomenclature, prices, packaging and concealment methods, and counter-detection techniques used by drug traffickers and drug trafficking organizations (DTOs).

## PURPOSE OF AFFIDAVIT

5. This affidavit is submitted to support a criminal complaint and application for arrest warrant for and against Arianna Braelyn Blankenship (hereafter "BLANKENSHIP").

6. Probable cause exists to believe that, on April 9, 2024, in the State and District of Colorado, the defendant, Arianna Braelyn Blankenship, and another known defendant, did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officials, and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and arrest warrant and does not set forth all my knowledge about this matter.

8. In summary, and as will be set forth below in more detail, BLANKENSHIP and her co-defendant, Christopher Sisneros (hereafter "SISNEROS") knowingly distributed 50 grams of more of methamphetamine to a Confidential Source (CS).

AO 442 (Rev. 11/11) Arrest Warrant

# **PROBABLE CAUSE**

9. In April 2024, Colorado Bureau of Investigations (CBI) Agent Sean Radke and DEA TFO Derek Whipple met with a previously reliable CS to discuss an individual selling controlled substances and firearms in the Denver metropolitan area who would later be identified as SISNEROS. I would later obtain and review SISNEROS' criminal history and learn that he has prior arrests for burglary, felony eluding causing injury, vehicular assault, robbery, identity theft, theft from person, theft from an at-risk person, motor vehicle theft, etc. I would later find that, in April and May 2024, SISNEROS was on parole supervision by the Colorado Department of Corrections for eight separate criminal cases.

10. On April 9, 2024, the CS contacted SISNEROS and arranged for the delivery of approximately one pound of methamphetamine at a QuikTrip gas station located at 950 West Thornton Parkway in Thornton, Colorado. I met with the CS at the Thornton Police Department in Thornton, Colorado along with Whipple and Radke. The CS was searched to ensure that he/she was not in possession of any currency, controlled substances, firearms, or any other contraband. The CS was then provided with United States Currency with which to purchase approximately one pound of methamphetamine from SISNEROS. The CS was also given devices which transmit and record communications by the CS, which I was monitoring.

11. The CS was driven to the QuikTrip gas station by law enforcement and placed under constant surveillance. At approximately 3:39 p.m., investigators observed SISNEROS arrive at the QuikTrip gas station driving a blue 2008 Chevrolet Trailblazer. Immediately following the trailblazer into the QuikTrip was a silver 2007 Volvo S60. Investigators observed a female in the front passenger seat of the Volvo who would later be positively identified as BLANKENSHIP. Investigators observed the CS sit in the rear passenger side seat of SISNEROS' vehicle, while BLANKENSHIP exited the Volvo and sat in the rear driver's side seat of SISNEROS vehicle.

12. BLANKENSHIP produced a bag of methamphetamine and confirmed that it was approximately one pound. The CS handed BLANKENSHIP the United States currency at which time BLANKENSHIP handed the CS the bag of methamphetamine. I later took custody of the bag of methamphetamine from the CS which was sent to the DEA Western Laboratory. I later received a laboratory report confirming the methamphetamine tested positive for methamphetamine with a purity of 93 to 100%, and had a weight of 446.9 grams.

13. Investigators learned of BLANKENSHIP's identity because she is a known associate of the registered owner and driver of the Volvo. Further, investigators learned that, according to telephone records, SISNEROS and BLANKENSHIP's cell phones were in contact with one another on numerous occasions before and after the drug transaction on April 9, 2024. Finally, investigators compared the surveillance photographs of BLANKENSHIP with her Colorado Department of Motor Vehicles dossier photograph and learned that the two reasonably appeared to be identical.

# **CONCLUSION**

14. Based on the information above, probable cause exists to believe that, on April 9, 2024, in the State and District of Colorado, the defendant, Arianna Braelyn Blankenship, and another known defendant, did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

AO 442 (Rev. 11/11) Arrest Warrant

  15. As such, I respectfully request the Court issue a criminal complaint and a corresponding arrest warrant for and against Arianna Braelyn Blankenship.

I, Robert Foster, Task Force Officer with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state that the above-mentioned information is true to the best of my information, knowledge, and belief.

           /s/ Robert Foster___
           Robert Foster
           Task Force Officer
           Drug Enforcement Administration

Submitted, attested to, and acknowledged by reliable electronic means on May 20, 2024.

    *s/ James P. O'Hara*
    _____
    James P. O'Hara
    United States Magistrate Judge
    District of Colorado

**Affidavit reviewed and submitted by Celeste Rangel, Assistant United States Attorney.**